UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS H. COYLE, and
LINDA SUE COYLE,
 c/o Mary Ann and Thomas Coyle,

                              Plaintiffs,                    **DECISION**
                                            **and**
       v.                                           **ORDER**

CROWN ENTERPRISES, INC.,                          **05-CV-891F**

                                Defendant.                   **(consent)**
_____

CROWN ENTERPRISES, INC.,

                              Third Party Plaintiff,

       v.

 CON-WAY TRANSPORTATION SERVICES, INC.,

                            Third-Party Defendant.
_____

APPEARANCES:            JOHN LLOYD EAGAN, JR., ESQ.
                                  Attorney for Plaintiffs
                                  905 Convention Tower
                                  43 Court Street
                                  Buffalo, New York 14202

                                  ALTREUTER BERLIN
                                  Attorneys for Defendant and Third-Party Plaintiff
                                  WILLIAM C. ALTREUTER, of Counsel
                                  Market Arcade Complex
                                  617 Main Street
                                  Buffalo, New York 14203

                                  BROWN & KELLY, LLP
                                  Attorneys for Third-Party Defendant
                                  LISA T. SOFFERIN, of Counsel
                                  1500 Liberty Building
                                  Buffalo, New York 14202

In this premises liability action, Third-Party Defendant Con-Way Transportation Services, Inc. ("Third-Party Defendant" or "Con-Way") moves pursuant to Fed. R. Civ. P. 42(b) ("Rule 42(b)") to bifurcate the liability and damages phases of trial, asserting that because Plaintiffs intend to present voluminous evidence at trial concerning injuries allegedly sustained as a result of Defendant and Third-Party Defendant's negligence, a separate trial on liability will be significantly shorter, and less costly, than a trial on a trial on both liability and damages. (Doc. No. 74). Defendant opposes the motion, asserting bifurcation will not result in resolution of the matter nor in any meaningful judicial economy because six of the physicians Plaintiffs seek to have testify as experts at trial were untimely disclosed and will be the subject of a motion to preclude and much of the trial testimony will be on the question of liability. (Doc. No. 80). Plaintiffs, however, do not oppose the motion. (Doc. No. 79).

Rule 42(b) gives the court discretion to order separate trials of, inter alia, issues, "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 49 (2d Cir. 1996) ("the district court has discretion to bifurcate the proceedings into liability and damages phases, to minimize any unnecessary discovery."). "Although bifurcation of trials is not unusual and may, under appropriate circumstances, be the preferred method, bifurcation remains the exception rather than the rule." *Dallas v. Goldberg*, 143 F.Supp.2d 312, 315 (S.D.N.Y. 2001) (citing cases). Factors to be considered in determining whether bifurcation is appropriate include:

> (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (2) whether the posture of the discovery on the issues favors a single trial or bifurcation; (4) whether the

documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.

*Dallas*, 143 F.Supp.2d at 315 (citing cases).

Furthermore, "[t]he party seeking bifurcation bears the burden of establishing that bifurcation is warranted." *Id*.

In the instant case, Con-Way has failed to meet its burden of establishing bifurcation is warranted. In particular, Con-Way does not dispute Defendant's description that the "bulk of the anticipated testimony" will be on the liability issue, including witnesses who will testify as to the physical conditions and operations of the subject premises. Affidavit of William C. Altreuter, Esq. in Opposition to Motion to Bifurcate (Doc. No. 80), ¶ 4. Should Defendant's proposed motion to preclude certain of Plaintiffs' expert witnesses be granted, there will be even less evidence presented on the damages issue. It is also possible that with the significant amount of expert testimony proposed, some of the evidence could be precluded as cumulative. Moreover, Con-Way's concern that the presentation of substantial evidence regarding Plaintiffs' injuries could somehow prejudice and confuse the jury can be obviated through a curative jury instruction. Bifurcation is thus unnecessary to avoid any undue prejudice to the parties.

Third-Party Defendant's motion to bifurcate (Doc. No. 74) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: July 30, 2009
          Buffalo, New York